JOSEPH GLENN, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

A case having been fairly submitted to a jury, and no error of law having been committed by the Court, and there being evidence sufficient to support the verdict, the Court is unwilling to trench upon the functions of the jury by sending the case back for a re-hearing.

Certiorari. In Whitfield Superior Court. Decided by Judge MILNER. October Term, 1866.

The plaintiff in error was tried in the County Court on an indictment charging him with the offence of forcible entry and detainer.

Evidence was introduced; and the Court charged the jury as follows: "You have heard the evidence in the case; you have heard the law extensively commented upon by counsel both for the State and the defendant. You are the judges of the law and evidence in this case, and you will determine it for yourselves. If you are satisfied from the evidence before you, beyond a reasonable doubt, that the matters charged against him in the bill are true, it will be your duty to find him guilty. If you are not satisfied, beyond a reasonable doubt, that they are true, then it will be your duty to find the defendant not guilty." The Court then read *Sections* 4410 and 4411 *of the Code*, defining the offence, and

McIntosh vs. Hambleton.

continued: "If you are satisfied from the evidence that the defendant entered into the premises violently, with menaces, force and arms, and without authority of law, it will be your duty to find him guilty, although he may not be forcibly detaining the premises; and if you are satisfied from the evidence that he is forcibly detaining the possession of the premises with menaces, force and arms, and without authority of law, although you may not be able to find he forcibly entered the premises, it will be your duty to find him guilty."

The jury found him guilty, and the Court imposed a fine of twenty-five dollars.

Thereupon the defendant sued out a certiorari, alleging that the verdict was contrary to law, to evidence, and to the charge of the Court, and that the charge itself was contrary to law.

At the hearing of the Certiorari the Superior Court affirmed the proceedings below, and refused a new trial.

This judgment is now complained of.

JOHNSON and GLENN, for plaintiff in error.

PARROTT, Solicitor General, for the State.

LUMPKIN, C. J.

We have examined the record in this case, and finding no error of law, and the same being fully and fairly submitted to the jury, and they having returned a verdict of guilty, we see no occasion to reverse the finding and send the case back to be reheard.

The jury must be allowed to exercise their legitimate functions; that is, to pass upon the facts in all such cases; and we are unwilling to substitute ourselves in their place.

Judgment affirmed.